UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN STAUFFER,

        Plaintiff,

vs.                Case No.: 8:11-cv-2061-T-33EAJ

KAREN E. HAYES, D.O., A WOMAN'S
PLACE OF FORT COLLINS, PLLP,
PETER DUSBABEK, TODD VRIESMAN,
MONTGOMERY KOLODNY AMATUZIO &
DUSBABEK, LLP, J. BRADFORD
MARCH, MARCH OLIVE & PHARRIS,
LLP, LINDA COX, CHRISTINE
SKORBERG, CHERYL TRINE, and
CHERYL TRINE LAW FIRM, LLC,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Cheryl Trine and Cheryl Trine Law Firm, LLC's Motion to Dismiss Plaintiff's Verified Amended Complaint (Doc. # 19), filed on January 12, 2012; Defendants Peter Dusbabek, Todd Vreisman, and Montogomery, Kolodny, Amatuzio & Dusbabek, LLP's Motion to Dismiss (Doc. # 25), filed on February 13, 2012; Defendants J. Bradford March and March, Olive & Pharris, LLP's Motion to Dismiss the Plaintiff's Verified Amended Complaint (Doc. # 28), filed on February 12, 2012; and Defendants Karen E. Hayes and A Woman's Place of Fort Collins, PLLP's Special Appearance to Dismiss for Lack of Personal Jurisdiction (Doc.

# 33), filed on February 22, 2012.  Also before the Court is Defendants Cheryl Trine and Cheryl Trine Law Firm, LLC's Supplemental Motion to Dismiss Plaintiff's Verified Amended Complaint (Doc. # 34), filed on March 28, 2012, as well as Defendants J. Bradford March and March, Olive & Pharris, LLP's Supplemental Motion to Dismiss the Plaintiff's Verified Amended Complaint (Doc. # 35), filed on March 29, 2012.

Plaintiff did not file a response to any of the Motions to Dismiss within the time prescribed by Local Rule 3.01. However, in recognition of Plaintiff's status as a pro se party, on March 1, 2012, the Court afforded Plaintiff another opportunity to respond by entering an Order directing Plaintiff to file a response to the Motions by March 15, 2012, if in fact he opposed the Motions to Dismiss.  (Doc. # 24). Despite the Court's Order, Plaintiff did not file a response in opposition to the Motions within the time prescribed by the Order, nor at any point since.  Accordingly, the Court considers the Motions to Dismiss as unopposed.  For the reasons that follow, the Court finds that it does not have subject matter jurisdiction over this action.  This case is, therefore, dismissed with prejudice.

## I.  Background

Plaintiff initiated this action by filing his verified

-2-

complaint against nine Defendants on September 12, 2011. (Doc. # 1).  Plaintiff filed an Amended Complaint on December 5, 2011, which eliminated four of the fifteen causes of action alleged in the initial complaint, as well as Defendant Third Federal Savings and Loan. (Doc. # 4).

According to the Amended Complaint, "[a]ll acts complained herein arise out of Colorado state case post-judgment proceedings, Larimer County District Court Case No. 03CV1729." (Id. at ¶ 14).  Plaintiff alleges that "[o]n July 5, 2007, a final judgment was entered against only two parties, Christine Stauffer and John Stauffer" and that Defendants' acts complained of in this action "occurred in the aforementioned state case, during 'post-judgment' supplemental 'Rule 69' C.R.C.P. proceedings, regarding the execution of the July 5, 2007, final judgment." (Id. at ¶¶ 15-16).  More specifically, Plaintiff takes issue with several orders issued by the trial court which allowed the court-appointed receiver to retain the property of 11 non-parties in satisfaction of the final judgment.  (Id. at ¶ 27).  Plaintiff claims that the trial court did not have personal jurisdiction over the 11 non-parties, and thus, the trial court's orders were void as to those 11 non-parties.  (Id. at ¶ 26). Plaintiff alleges that he was "the general partner for all of the 11 separate

entities' limited partnerships and president of one of the corporations who had all of their property taken by [the receiver]." (Id. at ¶ 29).  Plaintiff subsequently appealed the trial court's decision and the Colorado Court of Appeals dismissed the appeal on February 18, 2010.  (Id. at ¶¶ 42, 44).  On September 13, 2010, the Colorado Supreme Court denied Plaintiff's Petition for Certiorari. (Id. at ¶ 52).

The Amended Complaint lists three claims for alleged violations of Plaintiff's federal constitutional rights under the 4th, 5th and 14th Amendments and under 42 U.S.C. § 1983, including deprivation of property without due process, invasion of privacy, and "Deprivation of Right to Attorney Representation with its own assets."  Plaintiff also alleges eight state law claims in the Amended Complaint.  The various Defendants Plaintiff has named in this action include the opposing party and the court-appointed receiver in the Colorado state case, as well as the attorneys and their law firms who represented Plaintiff's opponents and the receiver in the state case.

In essence, Plaintiff claims that the trial court improperly allowed the receiver to retain the 11 non-parties' property and that Defendants knowingly and intentionally violated his rights "by utilizing the Receiver Order to take

-4-

all of the non-parties' property." (<u>Id.</u> at ¶¶ 55-63).
Plaintiff further claims that Defendants invaded his privacy
rights when they "received, by way of Colorado state court
order" production of the non-parties' private and confidential
business information and "fil[ed] much of said information in
the public court case file, open for all to see." (<u>Id.</u> at ¶¶
64-65). Finally, Plaintiff claims that the alleged
deprivation of property by Defendants rendered Plaintiff
unable to afford an attorney in this case and in two current
Colorado state appeals, thereby depriving him of his
constitutional right to an attorney. (<u>Id.</u> at ¶ 74).
Plaintiff seeks an injunction enjoining Defendants from
violating his federal constitutional rights and seeks damages
in excess of $406,000.

## II.  <u>Standard of Review</u>

Federal courts are courts of limited jurisdiction.
"[B]ecause a federal court is powerless to act beyond its
statutory grant of subject matter jurisdiction, a court must
zealously insure that jurisdiction exists over a case, and
should itself raise the question of subject matter
jurisdiction at any point in the litigation where a doubt
about jurisdiction arises." <u>Smith v. GTE Corp.</u>, 236 F.3d 1292,
1299 (11th Cir. 2001). Furthermore, "a court must dismiss a

case without ever reaching the merits if it concludes that it has no jurisdiction." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Capitol Leasing Co. v. Fed. Deposit Ins. Corp., 999 F.2d 188, 191 (7th Cir. 1993)).

## III. **Discussion**

Defendants argue that this Court lacks subject matter jurisdiction in this case in light of the Rooker-Feldman doctrine. The Court agrees. As the Eleventh Circuit has explained:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000).

Some courts have held that the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983). Nonetheless, the determination should "focus on the federal claim's relationship to the issues involved in the state court

-6-

proceeding, instead of on the type of relief sought by the plaintiff." Goodman, 259 F.2d at 1333.

Plaintiff claims that Defendants violated his federal constitutional rights under the 4th, 5th and 14th Amendments and under 42 U.S.C. § 1983, by utilizing the state trial court's Receiver Order to take his property without due process. However, the Court finds that these claims "succeed only to the extent that the state court wrongly decided the issues before it." Siegel, 234 F.3d at 1172. In the Amended Complaint, Plaintiff alleges, for example, that "the trial court did not have in personam jurisdiction over the 11 non-parties, and thus, the trial court's Orders were void Orders as to those 11 non-parties, and the Court Receiver could not deprive those 11 non-parties of all of their property." (Doc. # 4 at ¶ 26).  Plaintiff also expressly states that "[a]ll acts complained herein arise out of [the] Colorado state case post-judgment proceedings . . . regarding execution on the July 5, 2007, final judgment." (Id. at ¶¶ 14-15). This Court can only conclude that Plaintiff's constitutional claims are premised solely on the final judgment of the Colorado state court, review of which is prohibited by the Rooker-Feldman doctrine.

Plaintiff's claims of invasion of privacy and "Deprivation of Right to Attorney Representation with its own assets" are similarly barred.  Simply put, the Rooker-Feldman doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Because Plaintiff's federal claims for relief are barred by the Rooker-Feldman doctrine, the Court determines that it does not have jurisdiction in this matter.  Lacking jurisdiction over Plaintiff's federal claims, the Court also cannot exercise supplemental jurisdiction over Plaintiff's state law claims. Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999).  The Court therefore dismisses the Amended Complaint with prejudice as to all claims and Defendants.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

This case is dismissed with prejudice for lack of subject matter jurisdiction. The Clerk is directed to terminate all deadlines and motions and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th

-8-

day of April, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Parties and Counsel of Record